EMERY O. BEAN *versus* LEWIS F. SHERBURNE.

A soldier is subjected to the forfeiture for neglecting to perform militia duty
only, when the mode of notifying him pointed out by the statute is fol-
lowed.

If a soldier becomes informed of the time and place of parade of the com-
pany by being ordered to notify others, this is not sufficient to render him
liable to the payment of a fine for non-appearance.

Where the order is " to warn and give notice to all the non-commissioned
officers and privates in the company, a list thereof being hereunto annex-
ed," the latter words restrict the former general words, and limit them to
the names borne upon the list.

THIS was a writ of error brought to reverse the judgment
of a justice of the peace, imposing a fine upon the plaintiff
in error for neglecting to appear at a company training.

The evidence offered to prove that Bean was duly notified to attend, was a written order, directed to him, and ordering him " to warn, and give four days' notice to all the non-commissioned officers and privates enrolled in the company under my command, a list thereof being hereunto annexed." This order was signed by the captain of the company, and there was a paper annexed to it, on which were written the names of sixteen persons, the name of Bean not being among them. On the bottom of the order was a return signed by Bean, certifying that he had warned " all the non-commissioned officers and privates enrolled in the company aforesaid, as above directed." It did not appear, whether the order was handed to Bean by the captain, or sent to him. This was all the evidence to prove the warning. It was objected, that no legal warning was proved, but the justice overruled the objection, and rendered judgment against Bean.

*E. Fuller*, for the plaintiff in error, said that, as the law had clearly defined and directed the mode in which members of a militia company are to be notified and warned, in order to compel the performance of militia duty, the commanding officer is not at liberty to substitute any other mode ; and much less to require of the soldier the performance of militia duty without any warning. Any deviation from the modes of warning pointed out by the statute, is fatal to an action for a fine. *Ellis* v. *Grant*, 15 Maine R. 191 ; *Howard* v. *Folger*, ib. 447.

*Morrill*, for the original plaintiff, contended that the warning was sufficient. The law does not require a list of the names to be annexed to the order. It is only necessary that it should appear on the order what part of the company is required to be warned by the person to whom the order is directed. Militia act of 1834, § 21. The return states, that he notified the person to appear at the time and place stated. He knew that he was a member of the company ; he knew that the company were to perform militia duty ; he knew the time and place of parade ; and he was bound to appear there himself. It was not necessary, that his own name should have

been upon the list, annexed to the order.  He could not warn himself.  Besides, his name was upon the order, it having been directed to him as a member of the company.

The opinion of the Court was by

SHEPLEY J. — The only question presented in this case is, whether the plaintiff in error was duly notified.   The order is not to warn all the non-commissioned officers and privates of the company.   The words, "a list thereof being hereunto annexed," restrict the general words, and limit them to the names borne upon the list.   The soldier was not therefore notified in any mode pointed out by the statute.   He became informed by being ordered to notify others, that there was to be a company training at the time and place, when and where it is contended that he should have been present.   To decide that a soldier is obliged to appear and perform duty in the militia, if he becomes informed in some other mode than that prescribed by the statute that he is required to do so, would be an effectual and practical repeal of the statute provision, and would allow the commanding officer to elect his own mode of doing it.   The soldier is subjected to the forfeiture only, when the mode of notifying him pointed out by the statute is followed.

*Judgment reversed.*